# EXHIBIT "2"

Filing # 141167948 E-Filed 12/31/2021 08:59:26 AM

IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

DON ISBERNER,

    Plaintiff,

v.                                                      Case No.

GC SERVICES LIMITED
PARTNERSHIP,

    Defendant.
_____/

## PLAINTIFF'S STATEMENT OF CLAIM

**COMES NOW**, Plaintiff, **DON ISBERNER** ("Mr. Isberner" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **GC SERVICES LIMITED PARTNERSHIP** ("Defendant"), and in support thereof states as follows:

### Introduction

1.     This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Mr. Isberner, his attorney, or a consumer reporting agency without prior consent of Mr. Isberner given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

## Jurisdiction and Venue

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendant's tortious activity under the FCCPA occurred in the State of Florida.

5. Venue is proper in Manatee County, Florida, where Defendant has physical locations in Manatee County, Florida.

6. Venue is proper in Manatee County, Florida, where this tortious cause of action accrued in Manatee County.

7. Venue is also proper in Manatee County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

## Parties

8. Plaintiff, Mr. Isberner, was and is a natural person and, at all times material hereto, is an adult, a resident of Manatee County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9. At all times material hereto, Defendant was and is a business with its principal place of business in the state of TX, and its registered agent, C T CORPORATION SYSTEM, located at 1200 S. Pine Island Road, Plantation, FL 33324.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12. Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

## Statements of Fact

13. Mr. Isberner opened a credit card account with Citibank, N.A. for personal or household use that was assigned a unique account number ending 4723 ("Account").

14. Sometime thereafter, Mr. Isberner encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15. Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16. The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17. Mr. Isberner never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18. At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19. At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20. Despite Defendant failing to have Mr. Isberner's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third party vendors.

21. As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third party vendor.

22. The information conveyed by Defendant to its third party vendor included Mr. Isberner's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Mr. Isberner allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Mr. Isberner.

23. Defendant also conveyed that it was a debt collector attempting to collect a debt from Mr. Isberner to its third party vendor(s).

24. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third party vendor that provided risk assessments with respect to Mr. Isberner and the Account.

25. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided various scrubbing services with respect to Mr. Isberner and the Account.

26. Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Mr. Isberner.

27. The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Mr. Isberner.

28. For example, on or around January 20, 2021, Defendant hired a third-party vendor to send a letter directly to Mr. Isberner in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29. Defendant's January 20, 2021 letter was addressed directly to Mr. Isberner, demanded a total amount due of $944.91, offered the option pay by mail, and represented that Defendant's January 20, 2021 letter was "an attempt to collect a debt and any information obtained will be used for that purpose." *See* **Exhibit A.**

30. All of Defendant's letters to Mr. Isberner were done in connection with the collection of the alleged Debt.

### Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")

31. Mr. Isberner re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32. Mr. Isberner is a "consumer" within the meaning of the FDCPA.

33. The subject debt is a "consumer debt" within the meaning of the FDCPA.

34. Defendant is a "debt collector" within the meaning of the FDCPA.

35. Defendant's communication of information in connection with the collection of the Debt to the subject third party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Isberner, his attorney, or a consumer reporting agency without the prior consent of Mr. Isberner given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

37. As a result of the above violations of the FDCPA, Mr. Isberner has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

38. Defendant's actions have damaged Mr. Isberner by causing him stress.

39. Defendant's actions have damaged Mr. Isberner by causing him anxiety.

40. Defendant's actions have damaged Mr. Isberner by being an annoyance.

41. Defendant's actions have damaged Mr. Isberner by causing him aggravation.

42. It has been necessary for Mr. Isberner to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **DON ISBERNER**, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 31, 2021**,

/s/ *Kaelyn Diamond*
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

Plaintiff's Statement of Claim
*Isberner v. GC Services Limited Partnership*
Page **8** of **8**

Filing # 141167948 E-Filed 12/31/2021 08:59:26 AM

# EXHIBIT A

CDGCSV70  057
PO Box 857
Oaks PA 19456-0857
RETURN SERVICE REQUESTED

 GC Services Limited Partnership

 Please call: 866-678-4576
TTY: 877-378-0967
TTY phone services for the hearing impaired
Calls may be monitored or recorded

January 20, 2021

CORRESPONDENCE AND PAYMENT MAILING ADDRESS:

700882369

DON F ISBERNER

PO BOX 3855
HOUSTON TX 77253

---

YOU OWE: Citibank, N.A.                                  GC NUMBER: ▇▇▇▇▇0024

***PLEASE DETACH AND RETURN UPPER PORTION OF STATEMENT WITH PAYMENT***

January 20, 2021

File Number: 4976179
Client Account Number: ENDING 4723
New Balance: $3,502.98
Minimum Payment Due: $944.91

RE: Shell Platinum Select Mastercard

Dear DON F ISBERNER,

We are writing to let you know that your account with Citibank, N.A., with a new balance of $3,502.98, has been referred to us.

This letter shows your minimum payment amount currently due. If you are making a payment, please send us your payment using the enclosed envelope, and, if paying by check, make your check payable to "Citibank".

We are here to work with you to find a mutually agreeable solution. We invite you to contact us so that we can discuss your particular financial circumstances, as well as opportunities our client may have available for you. Please contact us at 866-678-4576 to discuss payment options that may be available to you on your account.

If you choose to write to us:
PO BOX 3855
HOUSTON, TX 77253

We look forward to helping you resolve your account. Thank you.

Sincerely,

Marilyn Hall
Account Representative

If you would prefer, you can make a payment on your account using a debit card by going to our website at www.gcpayonline.com or calling us at 844-694-2082. Use the following number to identify yourself when prompted: 703321019010024

* As of the date of this letter, you owe $3,502.98. Because of interest, late charges, and other charges that may vary from day to day, the amount owed on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION
GC Services Limited Partnership – 6330 Gulfton, Houston, TX 77081
0185-01     CITIB-CDP1     703321019010024     69479527